UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHAPPELL SCHOOLS, LLC and,
HECHT RUBBER CORPORATION

          Plaintiffs,

vs.                                               Case No. 3:18-cv-945-J-34MCR

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

          Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

Plaintiffs originally filed this lawsuit in the Fourth Judicial Circuit Court in and for Duval County, Florida. See Complaint (Doc. 2, Complaint). On August 6, 2018, Defendants filed a Notice of Removal (Doc. 1; Notice) notifying the Court of their intent to remove this action to the United States District Court for the Middle District of Florida, Jacksonville Division, and purporting to set forth the facts establishing that the Court has

1

jurisdiction over this action.  See Notice at 1 - 4.  Specifically, Defendants assert that the Court has jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.  See id. at 2.  In support of this assertion, Defendants declare, in part, that "Plaintiff, Chappell Schools, LLC, is now and was at the time of the filing of the Complaint a Florida Limited Liability Company, located in Jacksonville, Florida."  Id. at ¶ 4.  As such, Defendants assert that Plaintiff is deemed a citizen of the State of Florida.  Id. at ¶ 6.

The problem with Defendant's allegations, however, is that Chappell Schools is identified as a limited liability company (LLC), which Defendants further acknowledge in the Notice.  See id. at ¶ 4 ("Plaintiff, Chappell Schools, LLC, is . . . a Florida Limited Liability Company").  However, in asserting that Chappell Schools is a citizen of the State of Florida, Defendants appear to rely on the analysis appropriately suited for corporations rather than companies.  Chappell Schools cannot be both a limited liability company and a corporation.  Because the requirements for demonstrating the citizenship of a limited liability company and a corporation are different, the Court cannot determine Chappell Schools' citizenship from the assertions in the Notice.

For the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen."  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).  A corporation, on the other hand, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'"  Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1))

2

(emphasis omitted). Thus, to sufficiently allege the citizenship of an LLC, a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1). Here, Chappell Schools is denominated as an LLC, but Defendants allege its jurisdiction as if it is a corporation. As such, the Court is unable to determine Chappell Schools' citizenship. Accordingly, clarification is necessary to establish this Court's diversity jurisdiction.

First, Defendants must specify whether Chappell Schools is an LLC or a corporation. If, despite its name, Chappell Schools is a corporation, Defendant's assertions regarding Chappell Schools' incorporation and principal place of business is sufficient. However, if Chappell Schools is, as it appears to be, an LLC, Defendants must establish the citizenship of each of Chappell Schools' members.[1] Therefore, the information presently before the Court is insufficient to invoke the Court's subject matter jurisdiction over this action.[2]

---

[1] Defendants are advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

[2] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity

In light of the foregoing, the Court will give Defendants[3] an opportunity to demonstrate that the Court has subject matter jurisdiction over this case on or before **August 23, 2018**. Accordingly, it is

**DONE AND ORDERED** at Jacksonville, Florida on August 8, 2018.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc26
Copies to:

Counsel of Record
Pro Se Parties

---

jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

[3] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").